UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------ x
:
: Master File No. C2-03-67
:
IN RE AEP ERISA LITIGATION    : Judge Algenon L. Marbley
:
This Document Relates To: All Actions : Magistrate Judge Mark R. Abel
:
:
------------------------------ x

**DEFENDANTS' RESPONSE MEMORANDUM OF LAW
IN ACCORDANCE WITH SEPTEMBER 8, 2008 ORDER**

Defendants American Electric Power Company, Inc., American Electric Power Service Corporation, E. Linn Draper, Jr., and Thomas V. Shockley, III, respectfully submit this Response Memorandum of Law in accordance with this Court's September 8, 2008 Opinion and Order (the "Order") and in opposition to Plaintiff's September 25, 2008 Memorandum ("Plaintiff's Memorandum").

**PRELIMINARY STATEMENT**

In its Order, this Court found that Plaintiff Kermit D. Bridges ("Bridges") failed to satisfy the relatively minimal adequacy requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), for Mr. Bridges to represent a putative class on behalf of the American Electric Power System Retirement Savings Plan. For that reason, this Court denied Mr. Bridges' Motion for Class Certification, consistent with other recent decisions in which courts have rejected proposed class representatives who demonstrate "no interest in, genuine knowledge of, and/or meaningful involvement" in the case and instead act as "simply the willing pawn of counsel." *E.g., In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 136 (S.D.N.Y. 2008).

Plaintiff has not sought to appeal that decision. Yet, Mr. Bridges now seeks to avoid the result of this Court's determination by trying to repackage the same class claim – but without the protections of Rule 23 – under the guise of a claim "on behalf of the Plan" under Employee Retirement Income Security Act of 1974 § 502(a)(2), 29 U.S.C. § 1132(a)(2) ("ERISA § 502(a)(2)").

It is plain, however, that Mr. Bridges seeks to maintain an action "on behalf of the Plan" seeking relief not just for **his own** individual losses, but also for **all other** plan participants' losses. Where, as here, a plaintiff expressly seeks to use ERISA § 502(a)(2) to recover losses not just for himself but also for a large group of other plan participants, courts have insisted that the plaintiff demonstrate that he is an adequate representative who will effectively serve the interests of the people whose interest he seeks to represent and who may be bound by the outcome of this action. Whether the plaintiff needs to satisfy the exact standards enumerated in Rule 23, or some alternative similar safeguards aimed at protecting the interests of other plan participants, whose interests also are implicated by plaintiff's proposed actions, is an open question. But, in all events, it is settled that Mr. Bridges must demonstrate that he can be entrusted to adequately represent others. *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006); *Bendaoud v. Hodgson*, No. 06cv11873-NG, 2008 WL 4335884, at *7 (D. Mass. Sept. 24, 2008); *Champagnie v. Kaufman*, No. 3:06-cv-1819 (JCH), 2007 WL 3231695, at *3 (D. Conn. Oct. 31, 2007); *Boyce-Idlett v. Verizon Corporate Servs. Corp.*, No. 06 Civ. 975 (DAB)(KNF), 2007 WL 2589445, at *13 (S.D.N.Y. Aug. 30, 2007); *McKinney v. Moore*, No. 04 Civ. 07926(RCC), 2007 WL 1149253, at *4 (S.D.N.Y. April 16, 2007). This he has not done and cannot do.

As this Court found in its Order (which he has not sought to appeal), Mr. Bridges' demonstrated lack of knowledge and lack of interest in his case instills no confidence that he

would pursue this action in the best interest of the absent plan members. To the contrary, as this Court outlined, Mr. Bridges is thoroughly uninformed and uninvolved in the case, and he neither understands nor agrees with the allegations his lawyer has made, and is incapable of monitoring the action of his counsel and unwilling to do so:

> Bridges' deposition testimony does not lend itself to the conclusion that he has the interest and ability to vigorously prosecute the class's claims and supervise class counsel. The deposition transcript is replete with startling admissions about Bridges' lack of overall involvement in the case and calls into question his understanding of the nature of the claims asserted.

Order at 5-6. Mr. Bridges has not taken any steps to adequately represent the other plan participants. Thus, his claim should be dismissed.

## ARGUMENT

I.   **A Plan Participant Who Seeks To Maintain A § 502(a)(2) Claim On Behalf Of Other Plan Participants Must Affirmatively Demonstrate That He Will Adequately Represent Their Interests**

Court after court has insisted that a plan participant who brings a § 502(a)(2) claim on behalf of a defined contribution plan and similarly situated plan members must take affirmative steps to ensure that all relevant plan participants are adequately represented. *Coan*, 457 F.3d at 261; *Bendaoud*, 2008 WL 4335884, at *7; *Champagnie*, 2007 WL 3231695, at *3; *Boyce-Idlett*, 2007 WL 2589445, at *13; *McKinney*, 2007 WL 1149253, at *4. This requirement can be met in various ways — by the plan participant/plaintiff (i) securing a class certification under Rule 23, (ii) joining other plan members under Federal Rule of Civil Procedure 19, or (iii) otherwise showing that the proposed plaintiff will adequately and actively represent the interests of the plan and its members.

Where, as here, a plaintiff fails to take any affirmative step to ensure that other plan participants' interests are protected and to demonstrate that he will be an adequate class

representative, any ERISA § 502(a)(2) claims filed on behalf of other plan participants, and not limited to the individual plaintiff's interests, must be dismissed. *See, e.g., Coan*, 457 F.3d at 261; *Bendaoud*, 2008 WL 4335884, at *7; *Champagnie*, 2007 WL 3231695, at *3; *Boyce-Idlett.*, 2007 WL 2589445, at *13; *McKinney*, 2007 WL 1149253, at *4.

The leading opinion on this requirement is *Coan v. Kaufman*, a Second Circuit opinion that Mr. Bridges himself relied upon heavily in his own prior class certification briefing. **Mr. Bridges himself** previously described the Second Circuit's opinion as "strongly suggesting that plaintiffs asserting claims under Section 502(a)(2) invoke Rule 23 in order to properly proceed in a 'representative capacity on behalf of the plan.'" Second Reply Memorandum in Support of Plaintiffs' Motion for Class Certification (ECF Doc. 122), at 17. Yet, Plaintiff's Memorandum does not even acknowledge the existence of the only Circuit Court decision addressing the question now before this Court.

In *Coan,* the plaintiff asserted claims similar to Mr. Bridges' claims. 457 F.3d at 253-54. The *Coan* court reviewed the legislative history of ERISA § 502(a)(2) and relevant Supreme Court precedent, including *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985). In discussing ERISA § 502(a)(2) in *Russell*, the Supreme Court noted "Congress' intent that actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole." 473 U.S. at 142 n.9. The *Coan* court then determined that Congress intended to allow individuals to proceed on behalf of the plan under ERISA § 502(a)(2), but only if subject to procedural safeguards. 457 F.3d at 260 ("But it does not mean that Congress intended to allow individual participants and beneficiaries to bring suit on behalf of an employee benefit plan without observing *any* procedural safeguards for other interested parties.") (emphasis in original).

The Second Circuit explained in *Coan* that "the representative nature of the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interest they purport to represent." *Id.* at 259. The Sixth Circuit likewise has emphasized repeatedly the representative nature of any claim under ERISA § 502(a)(2), in accordance with the Supreme Court's *Russell* decision. *E.g., Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 608 (6th Cir. 2007) (citing *Russell* and emphasizing the representative, rather than the individual nature of ERISA § 502(a)(2) claims); *Tregoning v. Am. Cmty. Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993) (same).

It is imperative that Mr. Bridges demonstrate that he will safeguard the interests of those on whose behalf he seeks recovery because of the potential that other Plan participants will be bound by his action. *E.g., Coan*, 457 F.3d at 261 (explaining that safeguards should be required in part because of the potential that other participants would be bound as a result of the litigation); *Bendaoud*, 2008 WL 4335884, at *7 ("If Bendaoud were permitted to sue 'on behalf of' the Plan, the results of the suit might well bind those third parties who did suffer an injury. And unlike a class action, *see* Fed. R. Civ. P. 23(e), or a stockholder derivative suit, *see id.* 23.1(c), this quasi-representational suit has no built-in protections for absent parties' interests.").

The *Coan* court explained that there was no single set of specific safeguards that must be followed. Rather, "the requirement is only that the plaintiff take adequate steps under the circumstances properly to act in a 'representative capacity on behalf of the plan.'" *Coan*, 457 F.3d at 261 (quoting *Russell*, 473 U.S. at 142 n.9). However, the *Coan* court noted there would often be substantial overlap between this and the Rule 23 class certification requirements. *Id.* The *Coan* court emphasized that a plaintiff could not simply abdicate or disregard his or her obligation to act in a representative capacity under § 502(a)(2): "[W]e do not see how an action

can be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties." *Id.* at 259 (quoting *Russell,* 473 U.S. at 142 n.9). Finding that Ms. Coan had taken no affirmative steps to represent the plan, the Second Circuit affirmed the dismissal of her claims: "Coan's failure to do *anything* to demonstrate that her action actually was intended to benefit former plan participants other than Karen Coan ... rendered specious [her] claim to be acting on behalf of others." *Id.* at 261 (internal quotations omitted; emphasis in original).

Other courts, applying the *Coan* standard, also have found that plaintiffs, such as Mr. Bridges, who disregard their obligations to pursue their claims in a "representative capacity" are subject to having their claims dismissed. For example, in *Boyce-Idlett v. Verizon Corporate Services Corp.*, the court dismissed a former plan member's claim under ERISA § 502(a)(2) for failure to demonstrate any affirmative steps taken to represent other plan participants:

> However, despite the plaintiff's assertion, that she seeks equitable relief on behalf of the plan participants under Section 502(a)(2), she has provided no evidence, to the Court, demonstrating what steps, if any, she has taken to become a representative of other plan participants and beneficiaries. While the plaintiff's proposed amended complaint alleges the defendant breached its fiduciary duty to her and "to other similarly situated plan members," referring to other potentially interested parties is not sufficient to establish that one is proceeding in a representative capacity.

2007 WL 2589445, at *13. Likewise, in *Champagnie v. Kaufman*, the Court encountered a similar claim in which the plaintiffs alleged that trustees of a defined contribution 401(k) plan breached their fiduciary duties by mismanaging plan assets. 2007 WL 3231695, at *1. The Court denied the plaintiff's request to certify her ERISA § 502(a)(2) claim as a derivative action under Rule 23.1 and dismissed the case because the plaintiff failed to take steps, such as seeking a joinder, to represent other plan participants. *Id.* at *3.

In *Bendaoud v. Hodgson,* a District of Massachusetts court similarly explained that "a fiduciary's breaches can affect more than one defined contribution plan participant. In that situation, though, the proper approach is joinder of the affected participants or the certification of a class." 2008 WL 4335884, at *7. The *Bendaoud* court, like the *Coan* court, reasoned that absent procedural safeguards the interests of the other plan members would be in jeopardy. *Id.* at *7 ("And unlike a class action or a stockholder derivative suit, this quasi-representational suit has no built-in protections for absent parties' interests. Requiring [plaintiff] to seek class certification ensures the missing procedural protection." (internal citations omitted)).

Here, as in *Coan* and its progeny, Mr. Bridges' "failure to do *anything* to demonstrate that [his] action actually was intended to benefit former plan participants other than [himself] . . . render[s] specious [his] claim to be acting on behalf of others." *See* 457 F.3d at 261. Mr. Bridges has taken no action consistent with demonstrating that he is ready, willing and able to represent the interests of other plan participants. To the contrary, as this Court found, Mr. Bridges' own deposition testimony was "replete with startling admissions about Bridges' lack of overall involvement in the case [which] . . . calls into question his understanding of the nature of the claims asserted. Moreover, his testimony instills little confidence in the Court that he views his role as anything other than a tool of class counsel." Order at 5-6. Indeed, the evidence from Mr. Bridges himself affirmatively establishes that Mr. Bridges will not adequately represent the plan or other plan participants:

- As the Court commented on Mr. Bridges' reaction to first seeing a copy of the Complaint at his deposition, "Bridges' professed indifference, his insistence that it's 'too much,' that 'I ain't got time,' and 'I'm too old' to look at more than 'the first two or three pages' does not bode well for his ability or willingness to actively engage with the litigation going

7

forward." *Id.* at 7. Mr. Bridges "deposition testimony [did] not lend itself to the conclusion that he has the interest and ability to vigorously prosecute the class's claims and supervise class counsel." *Id.* at 5. "In the interval between his initial contact and the scheduling of his deposition, Bridges had no idea what was happening in his case and apparently no interest in finding out. He never saw or contributed to the complaint or the amended complaint and knew nothing about any of the litigated issues, such as the motion to dismiss, or the discovery conducted." *Id.* at 8-9.

- As the Court has already found, Mr. Bridges "has had almost no involvement with his case whatsoever." *Id.* at 6. Specifically, Mr. Bridges had no direct involvement in the case until he spoke to his lawyers about his deposition. Prior to that date, "he had not spoken with his lawyers since he initially contacted them three years earlier" to declare his desire to join the class. *Id.* The Court noted a number of examples of Bridges' lack of involvement in its Order: "Bridges testified that at the time of his initial contact with his lawyers, he did not provide them with any documents relating to his claims and that he had since discarded most such documents; that he did not meet his counsel in person until the morning of his deposition; that he was not aware of what investigation into his claims his lawyers had conducted; that he did not discuss either the complaint or the amended complaint with his counsel prior to their filing and that he had neither previously reviewed, nor received copies of, either one; that he was not aware of any rulings issued by the Court; that he had never received any status updates about the progress of the case from his lawyers; and that he had not been supervising his counsel's work." *Id.*

- Because Mr. Bridges has been so removed from the litigation, he has not been in a position to monitor or direct counsel's efforts and, as a result, he is not likely to direct counsel's efforts in the best interest of the plan in the future. *Id.* at 7.

- Mr. Bridges has demonstrated scant knowledge about the claims at issue, leaving "the Court with the strong impression that he is insufficiently familiar with the basic facts and allegations in this case . . . ." *Id.* at 8.

Not only has Mr. Bridges failed to show that he will affirmatively represent the interests of other plan participants, he has demonstrated an outright hostility towards representing any interests other than his own. Specifically, as this Court noted, he has insisted

8

that all he wants is to be "just a member of a class," which, without more, conclusively demonstrates that he is not interested in representing the interests of others and that he has no appreciation of or desire to encumber himself with the associated responsibility. *Id.* at 7. Mr. Bridges kept insisting that all he wanted from this litigation was to recover a check for $138, as he had obtained by being a class member (*not* a class representative) in another class action. Bridges Dep. Tr. at 76:5-12, 86:3-6, 97:5-8 (attached hereto as Exhibit A). Indeed, Mr. Bridges made plain that his desire was **not** to take on such responsibilities when he "made comments suggesting that he would be unlikely to consult regularly with his counsel and help direct the litigation towards an outcome that is best for the class." *Id.* at 9. As in *Bendaoud*, absent plan participants' interests will be in jeopardy if Mr. Bridges is allowed to proceed.

Mr. Bridges manifestly fails to meet any standard the Court could apply to determine whether his claim has been brought in a representative capacity on behalf of other plan participants. He does not even attempt to contest this point in his Memorandum. Rather, his brief is limited to conclusorily stated arguments. *First*, he argues that there is nothing in the statute that requires that a plaintiff "must proceed under Federal Rule 23 or 23.1." Plaintiffs' Memorandum at 3. That argument, however, misses the point. Mr. Bridges must do something—whether it be to seek class certification, join other plan participants, or do something else to demonstrate that he will adequately and properly represent the interests of those on whose behalf he seeks to recover. Mr. Bridges sought class certification, but failed in that regard; and he failed even to attempt to undertake either of the latter two. *Second*, Mr. Bridges cites six cases in which "the Secretary of Labor's power has been exercised on numerous occasions… without any resort to class action or derivative action rules or procedures." *Id.* at 3. While it may be presumed that the Secretary of Labor will adequately represent the interests of all plan

participants, the same cannot be said for Mr. Bridges. *Third*, Mr. Bridges notes the Seventh Circuit's opinion in *Thornton v. Evans*, 692 F.2d 1064 (7th Cir. 1982), but the holding of that case was that a plaintiff suing a non-fiduciary must proceed either in a class action under Rule 23 or derivatively under Rule 23.1. *Id.* at 1079-80. *Finally*, Mr. Bridges cites an outlier case, *Waldron v. Dugan*, No. 07C286, 2007 WL 4365358 (N.D. Ill. Dec. 13, 2007), and also in passing *Thompson v. Avondale Industries, Inc.*, 2001 WL 1543497, at *2 (E.D. La. Nov. 30, 2001), for the proposition that, while it would be wise to have procedural safeguards, there is nothing in the statute that calls for them. However, such a conclusion ignores the Supreme Court's decision in *Russell* interpreting ERISA § 502(a)(2) and thus has been roundly rejected by *Coan* — the only Circuit to address this precise issue — and all other courts to address the issue. Moreover, that argument cannot be reconciled with the Sixth Circuit case law discussed above emphasizing the representative nature of ERISA § 502(a)(2) claims in accordance with *Russell*.

As demonstrated by the evidence presented in connection with Mr. Bridges' attempt to certify a class, Mr. Bridges lacks the interest, involvement and understanding of the case to represent the plan. Mr. Bridges' half-hearted pursuit of his own claims, coupled with his reluctance to monitor counsel, make him unsuitable to bring this case on behalf of others in any capacity. *Coan,* 457 F.3d at 259 ("[W]e do not see how an action can be brought in a representative capacity on behalf of the plan if the plaintiff does not take any steps to become a bona fide representative of other interested parties") (internal quotations omitted).

## CONCLUSION

For the foregoing reasons, it is submitted that the Court should: find that Plaintiff Bridges has failed to demonstrate that he will be an adequate representative who will act affirmatively to represent the interests of other plan participants; and dismiss his remaining claims under ERISA § 502(a)(2).

Respectfully submitted,

s/ Alvin J. McKenna
Alvin J. McKenna, Trial Attorney (0023145)
Fred G. Pressley, Jr., Of Counsel (0023090)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Tel.: (614) 227-2000
E-mail: amckenna@porterwright.com
    fpressley@porterwright.com

*Of Counsel*:
Michael J. Chepiga
Joseph M. McLaughlin
George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
E-mail: mchepiga@stblaw.com
    jmclaughlin@stblaw.com
    gwang@stblaw.com

D. Michael Miller (0023117)
Barbara A. Belville (0012206)
AMERICAN ELECTRIC POWER SERVICE CORPORATION
Legal Department
1 Riverside Plaza, 29th Floor
Columbus, Ohio 43215
(614) 716-1000
Email: dmmiller@aep.com
    babelville@aep.com

**Attorneys for Defendants American Electric Power Company, Inc., American Electric Power Service**

        **Corp., E. Linn Draper, Jr., and Thomas V. Shockley, III**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing DEFENDANTS' RESPONSE MEMORANDUM OF LAW IN ACCORDANCE WITH SEPTEMBER 8, 2008 ORDER was filed with and will be served on all Counsel of record via the Court's CM/ECF system this 17th day of October 2008.

        s/ Alvin J. McKenna
        Alvin J. McKenna