UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AEP ERISA LITIGATION | ) ) ) | MASTER FILE: C2-03-67 |
| | ) | Judge Algernon L. Marbley |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | Magistrate Judge Mark R. Abel |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE RIGHT
OF PLAINTIFF KERMIT D. BRIDGES TO CONTINUE TO MAINTAIN
HIS ERISA SECTION 502(a)(2) CLAIM ON BEHALF OF THE PLAN
NOTWITHSTANDING THE DENIAL OF CLASS CERTIFICATION**

Edwin J. Mills
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

*Co-Lead Counsel*

Robert A. Izard
Eric Palmquist
**IZARD NOBEL LLP**
20 Church St., Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

*Co-Lead Counsel*

Robert G. Cohen
**KEGLER BROWN HILL & RITTER**
Capitol Square, Suite 1800
65 East State Street
Columbus, Ohio 43215-4294
Telephone: (614) 462-5400
Facsimile: (614) 464-2634

Liaison Counsel

Introduction

Defendants are mistaken about whether a § 502(a)(2) claim may proceed here in the absence of class certification. Defendants' argument should be rejected because they erroneously rely upon easily distinguishable cases and ignore procedural safeguards in place to protect absent Plan participants.

**The Applicable Case Law When Class Certification is Denied**

Defendants improperly seek to add procedural hurdles for plan participants who seek to bring claims under ERISA § 502(a)(2). (Defendants Response Memorandum of Law in accordance with September 8, 2008 Order ("Def. Response") at 3) No such hurdles can be found in the statute in that the standing of a participant is identical to that of the Secretary of Labor and a plan fiduciary.[1] *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006), does not state that Participants must comply with Rule 23. *Id.* at 261 ("plan participants need not always comply with Rule 23 to act as a representative of other plan participants or beneficiaries, [but] those who do will likely be proceeding in a 'representative capacity' properly for purposes of section 502(a)(2).") Neither does the *Coan* case state that Plan participants need to join other participants. *Id.* (a "plan participant who joins *or makes a good-faith effort to join* other participants as parties pursuant to Rule 19 would seem to have discharged his or her duty to proceed on behalf of the plan") (emphasis added). The *Coan* Case simply states that "[u]ltimately, however, the requirement is only that the plaintiff take adequate steps under the circumstances properly to act in a 'representative capacity on behalf of the plan.'" *Id.* Plaintiff Bridges has taken adequate steps

---

[1] ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2) sets forth that "[a] civil action may be brought—" "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title[.]" No further, relevant qualifications on a participant's right to bring suit on a behalf of a Plan are applicable herein.

under the circumstances to act in a representative capacity: he has retained able counsel; he has filed a complaint in a representative capacity on behalf of the Plan; he has moved for class certification, he has given a deposition and he has conducted substantial discovery which will benefit other Plan participants. Mr. Bridges thus satisfies the *Coan* criteria to bring suit in a representative capacity.

Following *Coan*, *Boyce-Idlett v. Verizon Corporate Servs. Corp.*, 2007 U.S. Dist. LEXIS 64819 (S.D.N.Y. Aug. 30, 2007), a fringe-benefit plan case, found that Plaintiff Boyce-Idlett failed to comply with § 502(a)(2) because she only "alleges the defendant breached its fiduciary duty to her and 'to other similarly situated plan members,' [and] referring to other potentially interested parties is not sufficient to establish that one is proceeding in a representative capacity." *Id.* at *36. The *Boyce-Idlett* Court continued "[f]urthermore, the caption of the proposed amended complaint contains the plaintiff's name solely, and no mention is made of any other plaintiffs. In the circumstance of the instant case, where the proposed amended pleading fails to indicate that the plaintiff is pursuing litigation to protect her interests and the interests of others, the Court finds that the plaintiff has *failed to establish that she seeks, through her amended pleading, to bring a breach of fiduciary duty claim in a representative capacity*. This failure makes her ERISA section 502(a)(2) claim futile." *Id.* at *36-37. Thus Boyce-Idlett's claim failed because she did not bring her claim on behalf of the plan or the other participants, not because she had not moved for class certification under Rule 23, not because she had failed to join parties and not because of a lack of adequacy.

Defendants' other cases are also easily distinguished. The plaintiff in *McKinney v. Moore*, 2007 U.S. Dist. LEXIS 29494 (S.D.N.Y. Apr. 16, 2007), was not precluded from bringing a claim on behalf of the Plan because he had not moved for class certification under

2

Rule 23 and not because he had failed to join parties. McKinney's claims were rejected under the equitable doctrine of unclean hands—for that reason, and that reason alone. *See id.* at *12 ("McKinney's criminal conduct strongly suggests he was acting solely for his own benefit and not in a representative capacity. He has admitted to stealing from the very same group he now claims to speak on behalf of (and whom he claims to be able to collect on behalf of). Viewed in this light, McKinney's current claims are absurd. Finally, to the extent the Court's equitable powers must be summoned to allow McKinney to sue on behalf of the Fund, the Court demurs; McKinney comes to this Court with unequivocally unclean hands"). There is no allegation of unclean hands herein.

In *Bendaoud v. Hodgson*, 2008 U.S. Dist. LEXIS 72788 (D. Mass. Sept. 24, 2008), a standing case that has nothing to do with the issue here, the court based its ruling on the indisputable notion that for "an ERISA plan participant is to assert rights 'on behalf of the plan,' he must be asserting his own rights." *Id.* at *12. The *Bendaoud* Court found that the Plaintiff "may not elide his own lack of injury by claiming that the breach harmed other plan participants even if it did not harm him" and that prospective relief was not an issue because Bendaoud's plan account had been closed. *Id.* at *22, *24. Thus Bendaoud could not represent the Analog Plan because he had not plead that he was injured by the alleged wrongdoing. Plaintiff Bridges has pleaded that he was harmed by the wrongdoing of Defendants. The *Bendaoud* case is therefore inapplicable.

*Champagnie v. Kaufman*, 2007 U.S. Dist. LEXIS 80496 (D. Conn. Oct. 30, 2007), also followed *Coan* with which, as stated above, Plaintiff Bridges complies. Plaintiff Champagnie was represented by the same attorneys who had represented Coan and attempted to cure the *Coan* deficiencies with a Rule 23.1 motion. *Id.* at *4. The *Champagnie* Court found that a

3

derivative action was unavailable because "the Plan itself could not have brought a section 502(a)(2) claim because the Plan is not a 'participant, beneficiary, or fiduciary [of itself].'" *Id.* at *5. The *Champagnie* court suggested that the plaintiff therein should have joined other participants under Rule 19, but there were only about 20 plan participants in the applicable plan. *Id.* at *8. Joinder is not realistically an option here. Also, as above, Plaintiff Bridges has satisfied the requirements of *Coan*.

Defendants dismiss *Waldron v. Dugan*, 2007 U.S. Dist. LEXIS 91514 (N.D. Ill. Dec. 13, 2007), which is squarely on point, as an "outlier case" (Def. Response at 10). The *Waldron* opinion is well-reasoned and the reasoning applies equally herein. As *Waldron* notes, there are opinions that support Defendants' position, but they judicially impose a requirement onto § 502(2)(2) that cannot be found in, or be supported by, the statute. ERISA "[S]ection 502(a)(2) expressly grants the right to bring fiduciary duty claims to 'participants,' and does not appear to require them to sue derivatively or to use any other special procedural devices to represent absent parties." *Id.* at *18-20.

Defendants also claim that the Sixth Circuit has repeatedly emphasized the representative nature of § 502(a)(2) claims. *E.g., Loren v. Blue Cross & Blue Shield*, 505 F.3d 598 (6th Cir. Mich. 2007) (relying upon *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)[2]; *Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995). Bridges agrees, which is why he has brought this case in a representative capacity on behalf of the AEP Plan. Nor does *Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79 (6th Cir. Mich. 1993), support Defendants' position. Like

---

[2] Unlike Mr. Bridges, Russell's claim was brought for compensatory and punitive damages payable directly to her—not to the plan—to compensate her for the delay in the payment of benefits under a disability plan. *Id.* at 138-39. Mr Bridges, on the other hand, seeks a recovery which will inure to the Plan as a whole.

4

the *Bendaoud* case, Tregoning pleaded himself out of court by alleging that, under § 502(a)(2), the health benefit plan's fiduciaries were "personally liable to plaintiffs for their damages." *Tregoning*, 12 F.3d at 83. Thus neither *Loren, Kuper* nor *Tregoning* limit Mr. Bridges's ability to bring suit on behalf of the Plan for benefits which will inure to the Plan as a whole if the case is successful on the merits.

### Additional Procedural Safeguards Protect Absent Participants

Defendants also ignore procedural safeguards that are already in place: counsel and the Court. First, as the Manual for Complex Litigation (Fourth) § 21.12 states, "Rule 23 and the case law make clear that, even before certification or a formal attorney-client relationship, an attorney acting on behalf of a putative class must act in the best interests of the class as a whole. (Manual for Complex Litigation (Fourth) § 21.12 citing Fed. R. Civ. P. 23(g)(2)(A) committee note; *cf.* 2 Geoffrey C. Hazard & W. William Hodes, The Law of Lawyering § 38.4, at 38-7 (indicating that the lawyer for the proposed class has a fiduciary obligation and owes class members "duties of loyalty and care"); *In re Avon Sec. Litig.*, 1998 U.S. Dist. LEXIS 18642, at *31 n.5 (S.D.N.Y. Nov. 19, 1998) ("Even before a class has been certified, counsel for the putative class owes a fiduciary duty to the class."); *Piambino v. Bailey*, 757 F.2d 1112, 1144 (11th Cir. 1985), *cert. denied sub nom. Hoffman v. Sylva*, 476 U.S. 1169, 90 L. Ed. 2d 976, 106 S. Ct. 2889 (1986); Manual for Complex Litigation (Third), § 30.24 at 233 (noting that before class certification, 'there is at least an incipient fiduciary relationship between class counsel and the class he or she is seeking to represent').")

Second, the Court may act as a procedural safeguard for absent Plan participants. As the Manual for Complex Litigation (Fourth) states, "[o]nce class allegations are made, decisions such as whether to settle and on what terms are no longer wholly within the litigants' control. Rather, the attorneys and named plaintiffs assume responsibilities to represent the class. *The*

5

*court must protect the interests of absent class members, and Rule 23(d) gives the judge broad administrative powers to do so, reflecting the equity origins of class actions.*" Manual for Complex Litigation (Fourth) § 21 (citing 7A Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d § 1751 (1986 & Supp. 2002)) (emphasis added).

**Conclusion**

For these reasons, if Mr. Wickett's pending intervention motion is not granted, Mr. Bridges should be allowed to continue to maintain his claims on behalf of the Plan under ERISA § 502(a)(2).[3]

DATED: October 27, 2008                     Respectfully submitted,

                                                            By: _s/Edwin J. Mills_
                                                            Edwin J. Mills
                                                           **STULL, STULL & BRODY**
                                                           6 East 45th Street
                                                           New York, NY 10017
                                                           Telephone: (212) 687-7230
                                                           Facsimile: (212) 490-2022
                                                           *Co-Lead Counsel*

                                                           Robert A. Izard
                                                           Eric Palmquist
                                                           **IZARD NOBEL LLP**
                                                           20 Church St., Suite 1700
                                                           Hartford, CT 06103
                                                           Telephone: (860) 493-6292
                                                           Facsimile: (860) 493-6290
                                                           *Co-Lead Counsel*

---

[3] Mr. Maurice Wickett moved the Court to intervene on behalf the Plan and the putative class on October 16, 2008 [Docket No. 196]. Mr. Wickett's pending intervention will, if granted, moot the issue at hand and restart the class certification process.

>Robert G. Cohen
>**KEGLER BROWN HILL & RITTER**
>Capitol Square, Suite 1800
>65 East State Street
>Columbus, Ohio 43215-4294
>Telephone: (614) 462-5400
>Facsimile: (614) 464-2634
>*Liaison Counsel*