IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|   |   |   |
|---|---|---|
| In re AEP ERISA Litigation | : | Case No. 2:03-cv-67 |
|   | : | Judge Marbley |
|   | : | Magistrate Judge Abel |
|   | : |   |

**ORDER**

Plaintiff Bridges brought a class-action lawsuit under ERISA against Defendant American Electric Power Company, Inc. ("AEP"), alleging AEP violated its fiduciary duties to the putative class by investing class members' retirement savings in the AEP stock which was overvalued because AEP reported non-existent revenue generated through sham energy trades. On September 8, 2008, the Court denied Bridges' motion to certify a class on the ground that he was not an adequate class representative. On October 16, 2008 Maurice R. Wickett filed a motion to intervene as a plaintiff and class representative (doc. 129).

    **I.**    **Arguments of the Parties**

    **A.**    **Maurice R. Wickett**

Wickett maintains that his motion meets the requirements for intervention as a matter if right. He argues that his application for intervention is timely. Wickett maintains that the procedural posture of this case is a classic example of when

intervention is appropriate, that is, where one has proposed to lead a class action is found lacking in some respect and a member of the proposed class steps forward to provide proper class representation.

Wickett contends that he has a substantial legal interest in the subject matter of the pending litigation. Wickett was a participant in the American Electric System Retirement Savings Plan and is a former employee of American Electric Power, Co., Inc. Wickett argues that his ability to protect his interest will be impaired if he is not allowed to intervene. Because Wickett is not a party to this case, potential *stare decisis* is sufficient for an impairment of his interest.

The Court concluded that plaintiff Bridges failed to adequately represent the interests of the class. As a result, the present parties do not adequately represent Wickett's interests.

Wickett also argues that meets the requirements for permissive intervention.

Wickett maintains that defendants' argument that the statute of limitations has run is incorrect. Nothing in the complaint indicates that Wickett had actual knowledge of the fiduciary's breach or violation, which is necessary to trigger the three-year statute of limitation. To trigger this provision, actual, not constructive knowledge, is required. Even if Wickett had actual knowledge in 2003, plaintiff argues that the statute of limitations has been tolled for himself and the entire class based on *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). Because Bridges' motion for class certification was denied solely on the adequacy of Bridges as a representative, the

statute of limitations are tolled. Otherwise, putative class action plaintiffs would be prejudiced and the purposes of the class action statute would be frustrated.

### B. American Electric Power Company

Defendants American Electric Power Company, Inc., American Electric Power Service Corporation, E. Linn Drape, Jr., and Thomas V. Shockley, III ("AEP") oppose Wickett's motion to intervene as a plaintiff and proposed class representative. AEP argues that Wickett's motion is untimely because the three year statute of limitations for his putative class action has expired. According to AEP, under ERISA § 413(b), 29 U.S.C. § 1113(b), no action may be commenced with respect to a fiduciary's alleged breach of any responsibility, duty or obligations three years after the earliest date on which the plaintiff had actual knowledge of the breach of violation. Courts may draw an inference from the allegations in the complaint to demonstrate when a plaintiff first knew of the facts underlying his cause of action.

AEP argues that Wickett's class action complaint is not saved by the tolling rule of *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). AEP argues that the Sixth Circuit held in *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) that *American Pipe* does not toll the statute of limitations for subsequent class actions. AEP maintains that Wickett's motion to intervene in this action is for all intent and purposes a successive class actions. Wickett's motion to intervene is simply an effort to circumvent the statute of limitations.

3

AEP further argues that Wickett's motion is untimely because this action was filed six years ago. Wickett seeks to intervene to enable him to serve as class representative, but no class action exists. As early as 2004, defendants challenged Bridges' standing and adequacy as a plaintiff. At no time did Wickett attempt to intervene. AEP maintains that permitting a new plaintiff and class representative at this stage of the proceedings would be highly prejudicial to defendants. Three of the last six years have been spent litigating the issue of class certification. Permitting Wickett to intervene would cause the parties to begin litigating the issues anew. Given that Wickett is subject to a severance agreement, another round of motions to dismiss would also result. AEP asserts that the attempt to insert a new class representative is simply one more attempt of lead counsel's efforts to delay the resolution of Bridge's action given that Wickett and Bridges are represented by the same counsel. Plaintiff's counsel is forced to argue precisely the opposite of what has been argued in the past with respect to Bridges' qualifications to serve as class representative to justify Wickett's motion to intervene.

AEP further argues that Wickett's appropriateness to serve as class representative is doubtful given that he is subject to a severance agreement containing a release of certain claims. AEP maintains that a plaintiff who has signed a release discharging the defendant from liability for the claims asserted in the class action cannot be a representative. AEP asserts that because Wickett is subject to the agreement, the factual or legal stance of his claims are likely to be not characteristic of the other

4

class members. The need to address the validity of the release and its impact of his individual claims will distract Wickett from adequately pursuing the claims of other class members and further complicate this already protracted litigation.

**II.    Discussion**

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit has interpreted Rule 24(a) as establishing four elements:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)(*citing Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993).

To determine whether a motion to intervene is timely, a court considers the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply

5

promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

AEP argues that Wickett's motion to intervene is untimely because the three year statute of limitations has run. Section 1113 of title 29 of the United States Code states:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. Defendants maintain that the three year statute of limitations is applicable to Wickett's claims and that his claim is not saved by tolling. Wickett, on the other hand, maintains that the he is entitled to the six year statute of limitations, or in the alternative, that his claim was tolled under *American Pipe*.

In *American Pipe*, the United States Supreme Court held that

> where class action has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make

> timely motions to intervene after the court has found the suit
> inappropriate for class action status.

*American Pipe*, 414 U.S. at 553.

Defendants contend that the Sixth Circuit has held that the *American Pipe* decision does not toll the statute of limitations for subsequent class actions. In *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), African American civilian employees of the Air Force Logistics Command filed an employment discrimination action alleging that the examination used to select employees for promotion had a disparate impact on African Americans, becoming the third class action challenging the disparate impact of the examination. In the second class action, the court denied class certification, and the *Andrews* plaintiffs took no action at that time. A second motion to certify was filed, but while it was pending the plaintiff settled her individual claim and the case was dismissed. Again the Andrews plaintiffs' took no action in the second class action. Instead, they initiated the administrative process by contacting the EEO counselor.

The *Andrews* defendant moved to dismiss the class action claim contending that the tolling rule does not apply to such claims. The Sixth Circuit stated:

> The courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class. *See Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987) ("The Supreme Court ... certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints."); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir.1985), cert. denied, 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986) ("Plaintiffs

7

> have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely...."); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987) (adopting reasoning of *Korwek*). These decisions reflect the concern expressed by Justice Powell, concurring separately in *Crown, Cork & Seal*: "The tolling rule of *American Pipe* [ *& Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) ] is a generous one, inviting abuse." 462 U.S. at 354, 103 S.Ct. at 2398.
>
> The plaintiffs make one contention that is not mentioned in any of the cited cases. Relying on *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), they argue that the time for filing their class claims was tolled until all appeal and intervention rights expired in *Brown*. They misconstrue the holding of *McDonald*. In that case the plaintiff was permitted to intervene in an earlier class action of which she was a putative class member solely for the purpose of appealing the court's denial of class certification. *McDonald* dealt only with the right to intervene for the purpose of seeking reversal of a denial of class certification; nothing in the opinion supports the view that the *American Pipe* tolling rule applies to class members who do not intervene to appeal, but seek to initiate a new class action.

*Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988).

Wickett argues that *Andrews* is not controlling because it applied to successive class actions, which is not the case here, where class certification was denied simply because the class representative was inadequate. Wickett's argument is persuasive. Wickett has sought intervention because of the inadequacy of the proposed class representative. The Court made no findings with respect to any other factor necessary to determine if class certification is appropriate. *See McKowan Lowe & Co., Ltd., v. Jasmine, Ltd.*, 295 F.3d 380 (3rd Cir. 2002)(holding that *American Pipe* tolling is permitted when the class device has not been definitively rejected because the original motion for class certification as denied because the class representative was inadequate).

8

The line of cases that concluded that *American Pipe* tolling was not permitted involved either an attempt to file an entirely separate class action lawsuit after the dismissal of an earlier action, or an attempt to bring a later class action after the court had determined that proceeding as a class action was an inappropriate method of resolving the lawsuit. *See Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988); *Korwek v. Hunt*, 827 F.2d 874, 878 (2nd Cir. 1987)("[T]he tolling rule. . . was not intended to be applied to suspend the running of statutes of limitations for class action suits filed after a definitive determination of class certification . . . ."); *Robbin v. Flour Corporation*, 835 F.2d 213 (9th Cir. 1987); *Salazar-Calderon v. Presido Valley Farmers Association*, 765 F.2d 1334 (5th Cir. 1985)(holding that the limitations were tolled when class certification in the first case was pending but not for the subsequent petitions for the same class).

One additional case AEP relies on, *Fleming v. Bank of Boston, Corp.*, 127 F.R.D. 30, 36 (D. Mass. 1989), is distinguishable because its rationale was that the statute of limitations should not be tolled by "nominal plaintiffs who are wholly inadequate to represent the asserted class." In *Fleming*, the plaintiff receiver did not own any stock and was not authorized to bring suit on behalf of any shareholder. In contrast, Bridges is a shareholder. Although the Court determined that he had failed to demonstrate that he was attentive enough to the litigation to adequately represent the class, he was not a "nominal" plaintiff "wholly inadequate to represent the asserted class."

Other courts, however, concluded that when there is an inadequate class representative but not a definitive determination of the inappropriateness of class

9

certification, intervention is permissible. *See Shields v. Washington Bancorporation*, 1992 WL 88004, at *1-3 (D.D.C. Apr. 7, 1992)(permitting tolling for intervenor over a year after original complainant's motion for class certification was dismissed because complainant was an inadequate representative of the class); *In re Crazy Eddie Sec. Litig.*, 802 F. Supp. 804, 813 (E.D.N.Y. 1992); *Trief v. dun & Bradstreet Corp.*, 144 F.R.D. 193, 202-03 (S.D.N.. 1992)(permitting intervention and finding that tolling was appropriate where original named plaintiffs were inadequate). *But see Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994).

The *Shields* court relied on *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977). In that case, the district court denied class certification and the case proceeded for several years until it was settled. After the settlement, a putative member of the class attempted to intervene in order to appeal the denial of class certification. The Supreme Court held that intervention was permissible and that the statute of limitations was tolled through the entire lawsuit, so that a new named plaintiff could appeal the prior denial of class certification. *United Airlines*, 432 U.S. at 394-96.

As the proposed amended complaint is pleaded, Wickett has made an arguable showing that the statute of limitations has been tolled.

The Sixth Circuit has noted that the term "interest" in Rule 24(a) should be construed liberally. *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991). Here, Wickett has a legal interest in the litigation. He was a participant in the American

Electric Power System Retirement Savings Plan and a former employee of American Electric Power Co., Inc.

To satisfy the third element, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. *Purnell*, 925 F.2d at 948. This burden is minimal. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) The Sixth Circuit has acknowledged that potential stare decisis effects can be a sufficient basis for finding an impairment of interest. *Linton v. Commissioner of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992).

The fourth element requires that Wickett show that he may not be adequately represented by the parties already before the Court. Because the Court has ruled that plaintiff Bridge's has not shown that he is an adequate class representative, Wickett has demonstrated that the current parties cannot adequately represent him.

### III. Conclusion

For the reasons stated above, Maurice R. Wickett's October 16, 2008 motion to intervene (doc. 129) is GRANTED.

                                                  s/Algenon L. Marbley
                                                  Algenon L. Marbley, Judge
                                                  United States District Court