**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AEP ERISA LITIGATION | : | Master File No. C2-03-67 |
| This Document Relates To: All Actions | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Mark R. Abel |

**AGREED PROTECTIVE ORDER**

The Parties hereto having stipulated to the entry of a Protective Order under Rule 26(c), Federal Rules of Civil Procedure, and it appearing to the Court that such an Order is necessary, appropriate, and will facilitate the conduct of this proceeding, IT IS HEREBY ORDERED THAT:

1. The Parties hereby designate as "confidential" any documents or other recorded information which they or it deem deserving of the protections of this Order. "Confidential" documents or other recorded information or information derived therefrom:

(a) shall be disclosed by the Parties to no one except the Parties, their attorneys (including the staff, secretarial, and clerical personnel of such Counsel), any experts or consultants retained by the Parties who have agreed to abide by the terms of this Protective Order by signing a copy of Appendix A to this Protective Order, to deponents at deposition, and to witnesses or potential witnesses who have agreed to abide by the terms of this Protective Order by signing a copy of Appendix A to this Protective Order; in no event shall a witness be permitted to

retain a confidential document or recorded information or information derived therefrom or any copies thereof;

(b) shall be maintained in confidence by the Parties and their attorneys, experts, consultants, witnesses, and potential witnesses;

(c) shall be used only for the purpose of this litigation by the Parties and their attorneys, experts, consultants, witnesses and potential witnesses; and

(d) shall not otherwise be disclosed or used by the Parties, their attorneys, experts, consultants, witnesses, and potential witnesses.

2. To avail itself of this Protective Order, a producing party must mark each document or other recorded information "CONFIDENTIAL" that it or he deems deserving of the protections of this Order. A Party's failure to designate a document or other recorded information "CONFIDENTIAL" at the time of production or disclosure will not be considered a waiver of the Party's right to later designate said document or recorded information "CONFIDENTIAL," provided the producing Party notifies all other Parties that the document or recorded information should have been designated "CONFIDENTIAL."

3. The production of any document or other recorded information marked "CONFIDENTIAL" hereunder shall not constitute a waiver by the Party of the Party's right to refuse to produce said document or other recorded information on any grounds in any other litigation or proceeding, or waiver by the Party of the Party's right to object to the admissibility into evidence of any said document or other recorded information in any aspect of any litigation or proceeding, including any aspect of this litigation.

4. Unless otherwise ordered by the Court, or mutually agreed on by the Parties, any document, brief, pleading, discovery, or answers to discovery, including interrogatories, requests

to produce, or deposition transcripts, which contain a confidential document or other recorded information, or information derived from a confidential document or other recorded information shall be filed with the Court under seal in an envelope marked with the caption of the case, a description of the document, and the following notation: "Contains Confidential Information filed under seal pursuant to Protective Order; to be opened only by or as directed by the Court."

5. A Party may designate as "CONFIDENTIAL" any portion or all of a deposition at any time prior to the issuance of the final transcript. Deposition transcripts designated in whole or in part as "CONFIDENTIAL" shall note on the first page of the transcript "CERTAIN PAGES OF THIS DEPOSITION TRANSCRIPT AND CERTAIN EXHIBITS TO THIS DEPOSITION WHICH ARE DESIGNATED AS 'CONFIDENTIAL' ARE SUBJECT TO A PROTECTIVE ORDER." In addition, each page designated as "CONFIDENTIAL" shall be noted as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If, during the course of any deposition upon oral examination, Counsel for any Party uses as an exhibit any document or other recorded information marked "confidential," or information derived therefrom, the court reporter shall keep the exhibit separate and marked "confidential." All confidential deposition exhibits shall be bound and, if filed with the Court, will be filed under seal as specified in paragraph 4 above. Any portion of a deposition transcript designated as "CONFIDENTIAL" or during which a witness is questioned about the contents of a confidential exhibit used in the deposition or about information derived therefrom shall be filed separately under seal as specified in paragraph 4 above.

6. At the conclusion of this litigation, through all appeals or otherwise, the confidential documents, or other recorded information, or information derived therefrom,

including that provided to experts or consultants, shall be returned to the producing Party along with all copies thereof, at the written request of the producing Party.

7. Either Party may bring before the Court, for ruling thereon, any problems or difficulties which arise as a result of this Order, or for the purpose of modifying this Order, or for an order declaring documents designated confidential by a party as not confidential. Until the Court rules on such a motion, documents or other recorded information designated as confidential or information derived therefrom still remain confidential under the terms of this Order.

SO ORDERED:


s/ Mark R. Abel
United States Magistrate Judge


AGREED:

STULL, STULL & BRODY

By: s/ Edwin J. Mills
Edwin J. Mills
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Co-Lead Counsel

Robert A. Izard
IZARD NOBEL, LLP
29 South Main Street, Suite 215
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Co-Lead Counsel
Robert G. Cohen

KEGLER BROWN HILL & RITTER
Capitol Square, Suite 1800
65 East State Street
Columbus, Ohio 43215-4294
Telephone: (614) 462-5400
Facsimile: (614) 464-2634

Liaison Counsel

Attorneys for Plaintiffs


*s/ Alvin J. McKenna*
Alvin J. McKenna, Trial Attorney (0023145)
Fred G. Pressley, Jr., Of Counsel (0023090)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Tel.: (614) 227-2000
E-mail: amckenna@porterwri
fpressley@porterwright.com

*Of Counsel*:

Michael J. Chepiga
Joseph M. McLaughlin
George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
E-mail: mchepiga@stblaw.com
jmclaughlin@stblaw.com
gwang@stblaw.com

D. Michael Miller (0023117)
Barbara A. Belville (0012206)
AMERICAN ELECTRIC POWER SERVICE CORPORATION
Legal Department
1 Riverside Plaza, 29th Floor
Columbus, Ohio 43215
(614) 716-1000
Email: dmmiller@aep.com
babelville@aep.com

Attorneys for Defendants:
American Electric Power Company, Inc.,
American Electric Power Service Corporation,
E. Linn Draper, Jr., and
Thomas V. Shockley, III

**Appendix A**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| IN RE AEP ERISA LITIGATION<br><br>This Document Relates To: All Actions | Master File No. C2-03-67<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Mark R. Abel |
| --- | --- |

ACKNOWLEDGMENT OF CONFIDENTIALITY

I, ______________________________________, acknowledge that I have read the
(Print Name)
Agreed Protective Order in the above captioned case and consent to be bound by the terms of the Agreed Protective Order.

______________________________________
(Signature)

______________________________________
(Date)