UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AEP ERISA LITIGATION | ) ) ) | MASTER FILE: C2-03-67 |
| | ) | Judge Algernon L. Marbley |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | Magistrate Judge Mark R. Abel |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THE RIGHT OF PLAINTIFF KERMIT D. BRIDGES TO CONTINUE TO MAINTAIN HIS ERISA SECTION 502(a)(2) CLAIM ON BEHALF OF THE PLAN NOTWITHSTANDING THE DENIAL OF CLASS CERTIFICATION**

Edwin J. Mills
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile:  (212) 490-2022

*Co-Lead Counsel*

Robert A. Izard
Eric Palmquist
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile:  (860) 493-6290

*Co-Lead Counsel*

Robert G. Cohen
**KEGLER BROWN HILL & RITTER**
Capitol Square, Suite 1800
65 East State Street
Columbus, Ohio 43215-4294
Telephone: (614) 462-5400
Facsimile:  (614) 464-2634

*Liaison Counsel*

### Introduction

Pursuant to permission granted by the Court, Plaintiff Kermit D. Bridges files this supplemental memorandum in further support of his contention that, notwithstanding the denial of class certification, this action may proceed under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132 (a)(2), to recover losses to AEP's 401(k) plan and, through the plan, to recover for the individual accounts of plan participants which were harmed by the breaches of fiduciary duty alleged in this case.

Bridges has filed two prior briefs addressing this so-called "502(a)(2) issue." On September 26, 2008, Plaintiff Bridges filed a memorandum [D.E. 128] in support of his right to maintain his ERISA § 502(a)(2) claim on behalf of the Plan notwithstanding the Court's denial of class certification, relying in large part upon *Waldron v. Dugan*, 2007 U.S. Dist. LEXIS 91514 at \*19, 20 (N.D. Ill. Dec. 13, 2007), which is directly on point. Defendants responded to Bridges' memorandum on October 17, 2008 [D.E. 130], dismissing *Waldron* as an "outlier case." Plaintiff Bridges replied on October 27, 2008 [D.E. 131].

### Further Case Law Supports Bridges' Right to Maintain His ERISA § 502(a)(2) Claim on Behalf of the Plan Notwithstanding the Court's Denial of Class Certification

Since the 502(a)(2) issue was last briefed for the Court a case that is directly on point that unequivocally supports Plaintiff's right to proceed was decided by Judge Peter Economus of the United States District Court for the Northern District of Ohio. *See In re: Diebold ERISA Litig.*, Case No. 5:06 CV 0170 (N.D. Ohio Mar. 11, 2009) (attached hereto as Exhibit A). *Diebold,* like this case, is an ERISA action brought under ERISA § 502(a)(2) in which plaintiffs' motion for class certification was denied. *Id.* Notably, while denying plaintiffs' motion for class certification, Judge Economus held that:

> . . . Plaintiffs have not met their burden of demonstrating that the

1

> instant action satisfies all of the requirements of Federal Rule of Civil Procedure 23(a). Furthermore, judicial economy and fairness are better served by denying class certification, particularly since the ***Plaintiffs are not precluded from proceeding with this action individually to recover losses to the Plan as a whole.*** Plaintiffs' Motion for Class Certification is therefore **DENIED**. (Dkt. # 69).
>
> Having denied Plaintiff's Motion for Class Certification, the Court hereby lifts its February 23, 2009 stay of merit-related discovery. Counsel for all parties shall confer and present to the Court a joint discovery schedule by March 25, 2009.

*Id*. at 10 (emphasis added)

The *Diebold* Court clearly found, consistent with *Waldron* and the other cases cited by Plaintiff in his prior briefs, that denial of class certification was not germane to the Diebold Plaintiffs' right to prosecute their ERISA § 502(a)(2) claims. For the same reasons, this Court should find that Plaintiff Bridges may proceed on behalf of AEP's plan to recover damages to the Plan and to the Plan accounts of other participants which comprise the Plan as a whole.

## Conclusion

Plaintiff Bridges has always sought in this case a recovery to the AEP 401(k) plan as permitted by, and under, ERISA Section 502(a)(2). *See, e.g.,* Consolidated Amended ERISA Complaint [D.E. 19] paras 1 ("Plaintiffs, Participants in the Plan, bring this action for Plan-wide relief on behalf of the Plan . . .;"), 2 ("Defendants are personally liable to make good to the plan the losses resulting from each such breach of fiduciary duty;") and 32 (same). As long as Bridges satisfies that statutory definition of "participant" in 29 U.S.C. § 1002 (7) - - - and there is no doubt that he does - - - he has statutory standing to sue under Section 502(a)(2). Nothing more is required. Defendants' attempt to impose a "class action" requirement or "adequacy of

2

representation" requirement upon a participant's 502(a)(2) claim is unsupported by ERISA, Rule 23 or any other applicable law and should be rejected.[1]

DATED: July 22, 2009

        Respectfully submitted,

By:  s/Edwin J. Mills
    Edwin J. Mills
    **STULL, STULL & BRODY**
    6 East 45th Street
    New York, NY 10017
    Telephone: (212) 687-7230
    Facsimile: (212) 490-2022
    *Co-Lead Counsel*

    Robert A. Izard
    Eric Palmquist
    **IZARD NOBEL LLP**
    29 South Main Street, Suite 215
    West Hartford, CT 06107
    Telephone: (860) 493-6292
    Facsimile: (860) 493-6290
    *Co-Lead Counsel*

    Robert G. Cohen
    **KEGLER BROWN HILL & RITTER**
    Capitol Square, Suite 1800
    65 East State Street
    Columbus, Ohio 43215-4294
    Telephone: (614) 462-5400
    Facsimile: (614) 464-2634
    *Liaison Counsel*

---

[1] Recent correspondence suggests that Defendants believe that they may now be entitled to evidence of Plaintiff Bridges' ability and willingness to act on behalf of the AEP 401(k) plan, including possibly requiring Mr. Bridges to return to Columbus (from his home in west Virginia) for a second deposition in this case. While Plaintiff's counsel will address any such requests for further discovery or deposition if and when served, the point is that Defendants do not understand what is required, and what is not required, to pursue a claim under Section 502(a)(2) of ERISA.

3