UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------ x
:
: Master File No. C2-03-67
:
IN RE AEP ERISA LITIGATION : Judge Algenon L. Marbley
:
This Document Relates To: All Actions : Magistrate Judge Mark R. Abel
:
------------------------------------ x

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON ISSUE OF PLAINTIFF BRIDGES' ENTITLEMENT TO MAINTAIN AN ERISA SECTION 502(A)(2) CLAIM AFTER THE DENIAL OF CLASS CERTIFICATION**

Defendants, American Electric Power Company, Inc., American Electric Power Service Corporation, E. Linn Draper, Jr., and Thomas V. Shockley III, respectfully submit this Memorandum in response to the Supplemental Memorandum of Plaintiff Kermit D. Bridges ("Bridges") (Doc. No. 144) ("Supp. Memo") in further support of his claimed entitlement to maintain a claim in this proceeding under ERISA §502(a)(2), 29 U.S.C. §1132(a)(2), notwithstanding the Court having denied Mr. Bridges' Motion for Class Certification after having found Mr. Bridges not to be an adequate class representative.

The Parties previously have submitted extensive briefing on this issue: Second Reply Memorandum in Support of Plaintiffs' Motion for Class Certification, pp. 16-17 (Doc. No. 122); Defendants' Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Class Certification, pp. 8-10 (Doc. No. 123); Memorandum in Support of the Right of Plaintiff Kermit D. Bridges to Continue to Maintain His ERISA Section 502(a)(2) Claim on Behalf of the Plan Notwithstanding the Denial of Class

Certification (Doc. No. 128); Defendants' Response Memorandum of Law in Accordance with September 8, 2008 Order (Doc. No. 130); and Reply Memorandum in Further Support of the Right of Plaintiff Kermit D. Bridges to Continue to Maintain His ERISA Section 502(a)(2) Claim on Behalf of the Plan Notwithstanding the Denial of Class Certification (Doc. No. 131).

Magistrate Judge Abel held a status conference on July 8, 2009, to address the situation of yet another putative class representative, Mr. Maurice Wickett, who had appeared on the scene in response to advertising by Plaintiffs' Counsel seeking a person to lend his/her name to represent the putative class then failed to appear for a deposition. Near the end of that conference, Plaintiffs' Counsel requested, and was granted, the opportunity to present this latest supplemental briefing to provide a case which post-dated the Parties' last briefing and assertedly "unequivocally supports [Mr. Bridges'] right to proceed." (Supp. Memo at 1). The "unequivocal support" which Mr. Bridges has provided and asked this Court to follow is part of a sentence in the nature of dicta in the "Conclusion" of a March 11, 2009 Memorandum Opinion and Order of Judge Economous of the Northern District of Ohio in In re: Diebold ERISA Litigation (Case No. 5:06 CV 0170), in which, rather ironically, that Court declined to follow a recent decision from the Southern District of Ohio – Shirk v. Fifth Third Bancorp., No. 05-CV-0049, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) – on the class certification issue which was central to and the actual subject of Judge Economous' Memorandum Opinion and Order.

There is absolutely no indication that the parties in Diebold were given the opportunity to brief and argue – even less extensively than this Court has allowed the

Parties here – the issue of whether a party who has been determined not to have met the test of being able to act in a class representative capacity on behalf of a class of absentees still can be allowed to proceed with a claim under §502(a)(2) in a representative capacity on behalf of those same absentees or derivatively on behalf of a plan in an ERISA action. Absent a demonstration that there was a full and fair opportunity for the parties in Diebold to present and provide legal support on this issue, this partial sentence, in the nature of dicta, certainly does not rise to the level of being "unequivocal support," as posited by Mr. Bridges, for his entitlement to proceed in a representative capacity on behalf of absentee plan participants or derivatively on behalf of a plan on an ERISA claim under §502(a)(2). And, it certainly does not rise to the level of the "unequivocal contrary support" which exists in cases discussed in prior Memoranda, such as Coan v. Kaufman, 457 F.3d 250, 259-61 (2d Cir. 2006). In Coan – a case which Mr. Bridges himself at one point advanced as well-reasoned support that a plaintiff bringing a §502(a)(2) claim must act in a representative capacity (Doc. No. 122 at pp. 16-17) – the Court, after full and fair opportunity for the parties there to present and provide legal support on the precise issue, discussed and determined that a plaintiff who is an inadequate class representative must provide support in some meaningful fashion that he/she still will be an adequate representative of absent parties or an ERISA plan derivatively on a §502(a)(2) claim.

  Measured against that standard, it is clear that Mr. Bridges has not provided support in any meaningful fashion that he will be an adequate representative of absent parties or derivatively of the American Electric Power System Retirement Savings Plan

("Plan") itself. As this Court recognized in its September 8, 2008 Opinion and Order (Doc. No. 127):

- Mr. Bridges' responses in his May 11, 2006 deposition "does not bode well for his ability or willingness to actively engage with the litigation going forward" (at 7);

- Some of Mr. Bridges' responses in that deposition "can just as easily be interpreted as an acknowledgement that it was his counsel who 'retained' him, and not vice versa (*Id.*);

- Likewise, in that deposition, Mr. "Bridges denied making certain claims that are plainly asserted in his complaint. He denied that he was challenging any statements or misstatements made by AEP and he not did seem to understand that one of the central claims in the case is that the AEP Stock Fund was not a prudent investment" (at 8); and

- Mr. "Bridges also denied that he was contesting AEP's compliance with its fiduciary duties, even though that too is a central allegation in the complaint" (*Id.*).

In short, Mr. Bridges' deposition testimony supported the conclusion that he is nothing more than a "mere figurehead" who lent his name to the pleadings (at 9). And, Mr. Bridges' deposition testimony remains the only evidence of record as to Mr. Bridges' ability and willingness to act on behalf of the absent participants in the Plan or derivatively on behalf of the Plan itself. Defendants offered Mr. Bridges' Counsel the opportunity to augment the record with the filing he was to make on July 22nd (Exhibit A attached), and that offer was rejected (Exhibit B attached and footnote 1 to Mr. Bridges' Supp. Memo). The footnote in Mr. Bridges' Supp. Memo appears to suggest that it is Defendants' responsibility to pursue such evidence to augment the record. However, as with the burden to establish his adequacy as a proposed class representative, the burden of establishing the ability and willingness to act on behalf of absent participants in the Plan or derivatively on behalf of the Plan itself is on Mr. Bridges. As to meeting that

burden, the record is exactly the same as it was at the time of this Court's September 8, 2008 Opinion and Order. And, as was the case then when this Court determined that Mr. Bridges had not met the burden of establishing that he would be an adequate class representative, that same record should lead to the similar conclusion that Mr. Bridges has not met his burden of establishing his ability and willingness to act on behalf of absent participants in the Plan or derivatively on behalf of the Plan itself. When Mr. Bridges' deposition was taken, he displayed an utter lack of interest in and awareness of the issues in this case that led the Court to conclude that he would not adequately represent absent Plan participants. That was three years ago, and Mr. Bridges' Counsel has refused to provide the Court and the other Parties with any additional information about Mr. Bridges' current circumstances. Thus, there is nothing new for the Court to consider as to anything having transpired in those three years which should convince the Court that anything has changed or that the Court should change its prior conclusion.

For the foregoing reasons and those contained in Defendants' prior Memoranda on this issue (Doc. No. 123 at pp. 8-10; and Doc. No. 130), it is submitted that the Court should: find that Plaintiff Bridges has failed to demonstrate that he is willing, able, and adequate to represent the interests of other absent Plan participants or derivatively on behalf of the Plan itself; and dismiss the remaining claims under ERISA §502(a)(2).

Respectfully submitted,

*s/ Alvin J. McKenna*
Alvin J. McKenna, Trial Attorney (0023145)
Fred G. Pressley, Jr., Of Counsel (0023090)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Tel.: (614) 227-2000
E-mail: amckenna@porterwright.com
        fpressley@porterwright.com

*Of Counsel*:

Michael J. Chepiga
Joseph M. McLaughlin
George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
E-mail: mchepiga@stblaw.com
        jmclaughlin@stblaw.com
        gwang@stblaw.com

D. Michael Miller (0023117)
Barbara A. Belville (0012206)
AMERICAN ELECTRIC POWER SERVICE
CORPORATION
Legal Department
1 Riverside Plaza, 29th Floor
Columbus, Ohio 43215
(614) 716-1000
Email: dmmiller@aep.com
        babelville@aep.com

**Attorneys for Defendants:**
**American Electric Power Company, Inc., American Electric Power Service Corporation, E. Linn Draper, Jr., and Thomas V. Shockley, III**

6

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing *DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON ISSUE OF PLAINTIFF BRIDGES' ENTITLEMENT TO MAINTAIN AN ERISA SECTION 502(A)(2) CLAIM AFTER THE DENIAL OF CLASS CERTIFICATION* was filed with and will be served on all Counsel of record via the Court's CM/ECF system this 31st day of July 2009.

*s/ Alvin J. McKenna*
Alvin J. McKenna