IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE AEP ERISA LITIG. : | |
| : | Case No. C2-03-67 |
| This Document Relates To: All Actions : | |
| : | JUDGE ALGENON L. MARBLEY |
| : | Magistrate Judge Mark R. Abel |
| : | |
| : | |
| : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on supplemental briefing regarding Plaintiff Kermit D. Bridges's contention that he is entitled to maintain his ERISA section 502(a)(2) claim despite this Court's denial of class certification.  Because Bridges has been proceeding in a representative capacity from the time he filed a class action lawsuit against Defendant American Electric Power Company, Inc., and because there is no requirement that a plaintiff acting in a representative capacity meet the procedural requirements of Federal Rule of Civil Procedure 23 in order to bring an ERISA § 502(a)(2) claim, the Court finds that Bridges is entitled to maintain his claim as an individual acting in a representative capacity, despite the denial of class certification.

**II.  BACKGROUND**

Bridges brought a class-action lawsuit against Defendant American Electric Power Company, Inc. ("AEP"),[1] alleging violations of the Employee Retirement Income Security Act of

---

[1] There are three other Defendants as well, including American Electric Power Service Corporation, E. Linn Draper, Jr., and Thomas V. Shockley.  For simplicity's sake, the Court will refer to Defendants collectively as "AEP."

1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), in connection with AEP's management of the retirement savings plan (the "Plan") it offered its employees.

According to the complaint, the AEP Stock Fund accounted for more than one-quarter of the value of the Plan.  Bridges alleges that as Plan administrator, AEP violated its fiduciary duties to the putative class by investing class members' retirement savings in the AEP Stock Fund.  The Stock Fund was an imprudent investment, says Bridges, because AEP was artificially inflating its stock price by reporting non-existent revenue generated through sham energy trades.  Further, Bridges alleges that AEP misrepresented the true risk entailed in the AEP Stock Fund by failing to disclose the improper activities that boosted the stock price.  Class members ultimately sustained substantial retirement losses when the price of the Stock Fund plummeted.

On October 31, 2005, Bridges moved for certification of a class consisting of "the Plan, and all Participants in the Plan for whose individual accounts the Plan purchased and/or held shares of the AEP Stock Fund at any time from December 9, 1998, to December 31, 2002, inclusive."  On July 11, 2006, after full briefing and oral argument, the Court denied Bridges's motion on the grounds that he lacked standing to maintain his suit under ERISA § 502(a)(2) because he liquidated his Plan holdings in 2004, and therefore was no longer a "participant" in the Plan.  On August 15, 2007, the Sixth Circuit reversed this Court's standing determination and remanded for consideration of whether Bridges had satisfied the prerequisites for class certification specified in Federal Rule of Civil Procedure 23.  This Court then denied Bridges's Motion for Class Certification on September 8, 2008, finding that he had not established that he would adequately represent the interests of other class members.

The order denying class certification noted that Bridges claimed that he was entitled to

maintain his ERISA action as an individual acting in a representative capacity to recover on behalf of the Plan, despite the denial of class certification. AEP maintained that because he did not meet the Rule 23 procedural requirements to certify a class, his individual claim had to be dismissed. The Court ordered the parties to brief the issue and provided a briefing schedule.

On October 16, 2008, before the briefs on Bridges's individual action were due, Maurice R. Wickett filed a Motion to Intervene as a plaintiff and proposed class representative and to file a class action complaint. The Court granted the Motion to Intervene on March 6, 2009. On April 27, 2009, Wickett filed a Motion to Certify Class. Subsequently, Plaintiffs' counsel lost contact with Wickett, and they asked that he be dismissed as an intervening plaintiff and moved to withdraw his prior Motion to Certify Class. At that time, Bridges also requested leave to file supplemental briefing on the issue of his ability to maintain the ERISA claim as an individual acting in a representative capacity to recover on behalf of the Plan. The Court dismissed Wickett as an intervenor plaintiff, granted the request to withdraw the Motion to Certify Class, and granted Bridges' request to file supplemental briefing. The parties were instructed on the briefing schedule, and the issue has now been fully briefed.

### III. LAW & ANALYSIS

#### A. ERISA vs. Rule 23 Procedural Requirements

ERISA establishes that fiduciaries are personally liable to plans for breaches of fiduciary duties:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the

court may deem appropriate, including removal of such fiduciary.

ERISA § 409(a), 29 U.S.C. § 1109(a). The statute also provides for civil enforcement of the Act:

> A civil action may be brought:
> (1) by a participant or beneficiary:
> > (A) for the relief provided for in subsection (c) of this section, or
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 . . . .

ERISA § 502(a), 28 U.S.C. § 1132(a).

A participant bringing a claim under section 502(a)(2) must do so in a representative capacity, because "[a] fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Massachusetts Mutual Life Insurance Co. v. Russell*, 407 U.S. 134, 142 (1985). To that end, a participant bringing suit under section 502(a)(2) "must employ procedures to protect effectively the interests they purport to represent." *Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006).[2]

Despite the requirement that a participant must establish that he is acting in a representative capacity, there is no explicit requirement that the participant follow any particular procedural path in order to do so. *Coan*, 457 F.3d at 261 ("Ultimately . . . the requirement is only that the plaintiff take adequate steps under the circumstances

---

[2]The Second Circuit's *Coan* decision is the only circuit opinion to deal directly with this issue, and it is cited by virtually every district court opinion discussing the issue.

properly to act in a 'representative capacity on behalf of the plan.'" (quoting *Russell*, 473 U.S. at 142 n. 9)). While complying with Rule 23 or attempting to join other participants under Rule 19 can indicate intent to act in a representative capacity, *Id.*, "there is no legislative requirement that [section 502(a)(2) suits] *must* be brought [pursuant to Rule 23] when they are brought on behalf of the subject plan." *Thompson v. Avondale Industries, Inc.*, 2001 WL 1543497 at *2 n.6 (E.D. La. Nov. 30, 2001). Numerous courts, following *Coan*, have held that a plaintiff need not meet the procedural requirements of Rule 23, or any other specific procedural requirements, in order to act in a representative capacity. *See, e.g., Id.* ("[T]he court will not require Plaintiffs to show that they are adequate class representatives within the meaning of Rule 23 (or that they satisfy any of the other requirements of Rule 23(a)), because Plaintiffs do not assert their ERISA claims as a class action."); *Waldron v. Dugan*, 2007 WL 4365358 at *6 (N.D. Ill. Dec. 13, 2007) ("[S]ection 502(a)(2) expressly grants the right to bring fiduciary duty claims to 'participants,' and does not appear to require them to sue derivatively or to use any other special procedural devices to represent absent parties. Likewise, neither Federal Rule of Civil Procedure 23 . . . nor Rule 23.1 . . . requires all suit against ERISA fiduciaries to be brought using special procedures." (citations omitted)); *McKinney v. Moore*, 2007 WL 1149253 at *4 (S.D. N.Y. April 16, 2007) ("To act in a representative capacity under section 502(a)(2), a plaintiff-participant need not comply with Rule 23 nor join as parties other plan participants pursuant to Rule 19."); *Boyce-Idlett v. Verizon Corporate Services Corp.*, 2007 WL 2589445 at *13 (S.D. N.Y. Aug. 30, 2007) ("ERISA does not specify a particular procedure that a fringe benefit plan participant must follow in order to bring an

action on behalf of the plan."). Indeed, recently in *In re Diebold ERISA Litigation*, No. 06-cv-170 (N.D. Ohio Mar. 11, 2009), the court denied class certification and indicated that the plaintiff could nonetheless proceed with an individual action in representative capacity: "judicial economy and fairness are better served by denying class certification, particularly since the Plaintiffs are not precluded from proceeding with this action individually to recover losses to the Plan as a whole."

AEP urges this court to require Bridges to establish that he will be an adequate representative of other participants by meeting the requirements of Rule 23. As explained above, case law is clear about the fact that ERISA does not require that plaintiffs meet the requirements of Rule 23 in order to serve in a representative capacity for purposes of a section 502(a)(2) claim. As a result, this Court cannot sensibly require Bridges to meet the adequate representation requirement of Rule 23 in order to allow him to proceed as an individual suing in a representative capacity.

### B. Acting in a Representative Capacity

Whether Bridges will perform well in his representative capacity is not a question currently before this Court. The Court need only determine whether Bridges is attempting to act in such a capacity in order to allow his claim to proceed. *Coan*, 457 F.3d at 261 ("[T]he requirement is only that the plaintiff take adequate steps under the circumstances properly to act in a 'representative capacity on behalf of the plan.'" (quoting *Russell*, 473 U.S. at 142 n.9)).

As various courts have recognized, the statute itself does not specify exactly what steps a plaintiff must take in order to establish that he is acting in a representative

capacity.  *See, e.g., Boyce-Idlett*, 2007 WL 2589445 at *13 ("ERISA does not specify a particular procedure that a fringe benefit plan participant must follow in order to bring an action on behalf of the fringe benefit plan.").  While numerous courts have suggested that filing a lawsuit as a class action under Rule 23 or joining other participants pursuant to Rule 19 can indicate that a plaintiff is acting in a representative capacity, courts have been reluctant to spell out how else a plaintiff can establish that he is acting in a representative capacity.  *See Coan*, 457 F.3d at 261 ("We think it neither necessary nor helpful to delineate minimum procedural safeguards that section 502(a)(2) requires in all cases.").

While it is not clear what, outside of filing a class action lawsuit or joining other participants under Rule 19, is sufficient to establish that the plaintiff is acting in a representative capacity, it is clear that the plaintiff must do *something* to indicate that the suit is representative in nature.  For example, "referring to other potentially interested parties is not sufficient to establish that one is acting in a representative capacity." *Boyce-Idlett*, 2007 WL 2589445 at *13 (finding the representative capacity requirement not met because the amended complaint made no mention of other plaintiffs and the caption contained only plaintiff's name).

In this case, Bridges is acting in a representative capacity.  He is properly "seeking to recover losses incurred by the plan as a whole, rather than those [he] incurred personally."  *Waldron*, 2007 WL 4365358 at *5.  Unlike the plaintiff in *Boyce-Idlett*, Bridges has sought from the beginning to represent the interests of all participants in the Plan, as well as the Plan itself, in this action.  He even tried to certify a class.  The fact

7

that class certification was denied cannot be the basis for preventing him from proceeding with his claim, because there is no requirement that a plaintiff meet the requirements of Rule 23 in order to establish that he is acting in a representative capacity.

## IV.  CONCLUSION

For the reasons set forth above, Bridges is permitted to continue to pursue his section 502(a)(2) claim as an individual acting in a representative capacity.

**IT IS SO ORDERED.**

                                          **s/Algenon L. Marbley**
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATE: November 17, 2009**